IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Noelle Marie Garland,       )
                            )
        Plaintiff,          )
                            )
    v.                      )   Case No. 1:10cv316 (GBL/TRJ)
                            )
CACI International, Inc.,   )
                            )
        Defendant.          )
                            )

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendant's Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 7.) Plaintiff, Ms. Noelle Marie Garland, was fired by CACI International, Inc. ("CACI") on March 8, 2010. Ms. Garland alleges CACI terminated her for asserting complaints concerning her missing payroll, federal, state, social security and Medicare taxation in violation of the whistleblower protection provisions of the Sarbanes-Oxley Act ("the Act"), 18 U.S.C § 1514A. (Compl. 3.)[1]

The issue before the Court is whether Ms. Garland sufficiently set forth a claim for violation of the Act, where she failed to allege (1) a violation of one of the enumerated statutes contained in section 1514A, any rule or regulation of the SEC, or any provision of federal law relating to fraud

---

[1] All numerical references to the Complaint are to the page number assigned to it through electronic filing with PACER.

1

against shareholders; and (2) a causal nexus between the alleged whistleblowing and her termination. The Court concludes that Defendant's Motion to Dismiss should be GRANTED because the Complaint fails to set forth facts demonstrating a plausible claim based upon applicable whistleblower statutes.

## I. BACKGROUND

Ms. Garland was an at-will employee at CACI until March 8, 2010, when her employment was terminated. (Compl. 3.) Ms. Garland claims that she was fired because she made a series of complaints to her employer. (Compl. 3.) She states she "continually pursued issues concerning her missing payroll, Federal, State, Social Security and Medicare taxation." (Compl. 3.)

On April 1, 2010, Ms. Garland filed this Complaint against CACI, alleging that they violated various whistleblower protection provisions of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. (Dkt. No. 1.)[2] Thereafter, CACI moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. (Dkt. No. 7.)

---

[2] On September 17, 2010, Ms. Garland filed an untimely response to CACI's Motion to Dismiss, agreeing to withdraw her previous claims of conspiracy (Count One) and obstruction of justice (Count Two).

2

## II. DISCUSSION

### A. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* FED. R. CIV. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d

1130, 1134 (4th Cir. 1993). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of [what] the plaintiff's claim [is] and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 556 n.3.

B. **Analysis**

The Court grants Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted because Ms. Garland failed to allege (1) a violation of one of the enumerated statutes contained in section 1514A, any rule or regulation of the SEC, or any provision of federal law relating to fraud against shareholders; and (2) a causal nexus between the alleged whistleblowing and her termination.

For the Act to apply, an employee must report a violation of one of the enumerated statutes contained in section 1514A, any rule or regulation of the SEC, or any provision of federal law relating to fraud against shareholders. 18 U.S.C § 1514A; *see also Livingston v. Wyeth, Inc.*, 520 F.3d 344, 351 (4th Cir. 2008). Specifically, the Act allows an employee to report a

4

violation of § 1341 (mail fraud), § 1343 (wire fraud), § 1344 (bank fraud) or § 1348 (securities fraud).[3]

In *Wyeth*, the Fourth Circuit promulgated a four-part test to establish a cause of action under 18 U.S.C. § 1514A. *Id.* Specifically, a plaintiff must show that he (1) provided information or a complaint to the terminating company or one authorized to investigate and correct misconduct within the company; (2) the information or complaint regarded conduct that he reasonably believed constituted a violation of an enumerated statute or any regulation promulgated by the SEC relating to fraud; (3) his employer discharged him or took other unfavorable personnel action against him; and (4) his providing the information or making the complaint was a contributing factor to his discharge or other adverse employment action taken by the company. *Id.*

---

[3] The text of the Whistleblowers Protection Act provides that: "No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78l), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78o(d)), or any officer, employee, contractor, subcontractor, or agent of such company, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee . . . (1) to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee *reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders* . . . ." 18 U.S.C. § 1514A (2010) (emphasis added).

5

Therefore, under *Iqbal's* pleading standard, Ms. Garland's was required to allege sufficient facts that permit for the plausible inference that she reasonably believed CACI was in violation of (1) § 1341, § 1343, § 1344, § 1348; (2) any rule or regulation of the SEC; or (3) any provision of federal law relating to fraud against shareholders. *Iqbal*, 129 S. Ct. at 1949; 18 U.S.C. § 1514A.

Ms. Garland filed this action against CACI on April 1, 2010, alleging that they terminated her for pursuing issues concerning her missing payroll, federal, state, social security and Medicare taxation in violation of the whistleblower protection provisions of the Act. (Compl. 3.) The text of the Act, however, does not apply to Ms. Garland's allegations. *See* 18 U.S.C. § 1514A. Ms. Garland's complaints to her employer and demands for repeated investigation had nothing to do with securities law or shareholder protection statutes. *See* (Compl. 3.) Merely challenging the calculation of her pay or benefits does not confer whistleblower protection on Ms. Garland. Ms. Garland does not allege that CACI retaliated against her and fired her for reporting a violation of securities law. Ms. Garland's personal complaints about the calculation of her compensation and benefits are beyond the Act's purview. *See Wyeth, Inc.*, 520 F.3d at 351.

Finally, the text of the Act only confers whistleblower protection if a causal nexus between the alleged whistleblowing and an employee's termination is made. *See* 18 U.S.C. § 1514A (stating that a publicly traded company may not discharge an employee *because* they reported a violation of (1) § 1341, § 1343, § 1344, § 1348; (2) any rule or regulation of the SEC; or (3) any provision of federal law relating to fraud against shareholders). Ms Garland's Complaint alleges only that her termination was the result of her continued "pursu[it of] issues concerning her missing payroll, Federal, State, Social Security, and Medicare taxation." *See* (Compl. 3.) Because there is no connection alleged between her reporting of a *protected* activity and her termination, Ms. Garland's allegations do not fall within the Act. The Defendants' Motion to Dismiss for failure to state a claim is GRANTED because Ms. Garland failed to allege (1) a violation of one of the enumerated statutes contained in section 1514A, any rule or regulation of the SEC, or any provision of federal law relating to fraud against shareholders; and (2) a causal nexus between the alleged whistleblowing and her termination.

### III. CONCLUSION

For the above reasons, the Court GRANTS Defendant's Motion to Dismiss because Plaintiff failed to state a claim for which

relief can be granted under 18 U.S.C. § 1514A. Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss is GRANTED without prejudice. It is further

ORDERED that Plaintiff's Motion to Dismiss Counts One and Two is GRANTED without prejudice.

The Clerk is directed to forward a copy of this Order to counsel of record and the Defendants.

Entered this 4th day of October, 2010.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge